IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KONNECTCORP INTERNATIONAL, INC. <br> A New Jersey Corporation, <br><br> Plaintiff, <br><br> VS. <br><br> DANIESH SUNTHARALINGAM, <br> EINTHUSAN VIGNESWARAN, <br> GUNADEEPAN EHAMPARAM AND <br> PAPERBOARD INNOVATIONS, INC. <br><br> Defendants. | § § § § § § § § § § § § § § § | C.A. No.: 3:13-cv-03656 |

**<u>PLAINTIFF KONNECTCORP INTERNATIONAL, INC.'S ORIGINAL COMPLAINT</u>**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

This is a suit about competing Internet entrepreneurs venturing into an untapped online market for Indian motion pictures: the United States. The Defendants got here first and created an incredible website with a bold claim on the front page, "The largest collection of online HD South Asian Movies - Forever 100% Free." The Plaintiff came much later, but with a solid business plan and a small, yet impressive, film catalog of its own.

While the Plaintiff spent the non-trivial amount of time and money required to lawfully obtain distribution licenses to its films, the Defendants did not. The Defendants' business, albeit successful, is nothing more than the largest pirate website for Indian movies in North America. Now, Defendants are unlawfully distributing Plaintiff's newest releases and infringing Plaintiff's exclusive copyrights. Plaintiff, Konnectcorp International, Inc., therefore files this Original Complaint for damages and injunctive relief to shut down Defendants' websites and their wholly illicit operation.

## JURISDICTION AND VENUE

1. This is an action brought pursuant to the Copyright Act, 17 U.S.C. § 501 et seq. This Court has original jurisdiction over the subject matter pursuant to 28 U.S.C. § 1338(a) because this is a civil action arising under an Act of Congress relating to copyrights.

2. This Court has personal jurisdiction over Canadian Defendant Daniesh Suntharalingam because he consented in writing to this Court's jurisdiction, as required by 17 U.S.C. § 512(g)(3)(D), in the counter-notices he submitted in response to Plaintiff's multiple notices of copyright infringement.[1] Moreover, *all* Defendants directed their tortious conduct at this forum by distributing Plaintiff's movies to this forum, and publicly performing Plaintiff's movies in this forum, thereby harming the market for Plaintiff's movies in this forum.[2]

3. Venue in this District is proper pursuant to 28 U.S.C. § 1391(c)(3) because all Defendants are residents of Canada and "a defendant not resident in the United States may be sued in any judicial district."[3]

## PARTIES

4. Plaintiff, Konnectcorp International, Inc., is an entertainment company incorporated in New Jersey that markets and distributes South Indian motion pictures in the United States and Canada. Plaintiff brings this action to stop Defendants from distributing and publicly performing unauthorized copies of multiple motion pictures online, including,

---

[1] The counter-notices state that Suntharalingam consents to the jurisdiction where "the service provider may be found." There are two service providers at issue thus far: Amazon Web Services, Inc., which is a corporation doing business in this State and this District, and "may be found" here; and SoftLayer Technologies, Inc., which is located here in Dallas, Texas at 4849 Alpha Road.
[2] See *Luv n' Care, Ltd. v. Insta-Mix, Inc.*, 438 F.3d 465 (5th Cir. 2006)
[3] 28 U.S.C. § 1391(c)(3)

**Singam 2**, **Thalaivaa**, **Ainthu Ainthu Ainthu** and **Aadhalal Kadhal Seiveer**. Plaintiff is and was at all relevant times the exclusive North American copyright owner of all "internet Rights" [sic] as defined by written license by the registered[4] copyright claimant. These rights expressly include online streaming and distribution by download.

5. Defendants Suntharalingam, Vigneswaran and Ehamparam are real persons residing in Canada who created and still operate a web-based business, found at www.einthusan.com, that is arguably the largest, most sophisticated and most profitable online venue for Indian motion pictures in the United States.

6. Defendant Paperboard Innovations, Inc. is a corporate entity through which some or all of the other Defendants conducted some or all of their infringing activities.

## NATURE OF THE CASE

7. Defendants presently own and/or operate the websites einthusan.com and einthusan.tv. Plaintiff bases this assertion on online admissions by Einthusan Vigneswaran (the person the sites are named after), and phone conversations with Gunadeepan Ehamparam and admissions in counter-notices submitted by Daniesh Suntharalingam. Infringement of Plaintiff's exclusive rights has occurred and continues to occur on these websites.

8. On information and belief, Defendants attained their great success by devising a "daring" solution to the typical barrier faced by most newcomers to the online film distribution business. That barrier is the high cost of film distribution licenses. Defendants' solution was to simply not pay for any licenses and distribute the films anyway.

9. For the most part, it worked. In the early years of Defendants' operation most Indian movie studios left the Defendants alone because those studios did not have a serious

---

[4] Registrations are submitted and pending issuance.

online presence in the United States and did not take steps to prevent piracy on English-language websites featuring Tamil, Hindi and other Indian movies.

10. Defendants, through their websites, profit by collecting ad revenue from several major U.S. companies who advertise on Defendants' sites through Google's AdSense service.[5] Defendants also profit by users paying a one-time "donation" that grants the user "premium access." Even without this faster, advertising-free access, the public can view or download an incredible selection of Indian movies, including those owned by Plaintiff.

11. Plaintiff, directly and again through its agent, has downloaded or viewed the four films in this Complaint on Defendants' website einthusan.com and has confirmed that they contain and embody unauthorized digital reproductions of Plaintiff's copyrighted motion pictures.

12. Defendants are not licensed by Plaintiff, and at all relevant times were not and are not authorized by Plaintiff, or any of its authorized agents, to advertise, distribute or publicly perform these films. Defendants are currently engaged in such uses through and on Defendants' websites and, based on responses to Plaintiff's infringement notices and Plaintiff's Cease and Desist letter, will continue such uses unless enjoined by this Court.

## FEDERAL COPYRIGHT INFRINGEMENT

13. Plaintiff realleges and incorporates by reference the allegations of paragraphs 1 through 11 above as if fully set forth herein.

---

[5] e.g. Verizon Wireless, Chevrolet, Michael's, LogMeIn, Google Chromebook and amazon.com

14. Plaintiff is, and was at all relevant times, the beneficial owner of the rights, title, and interest in and to the motion pictures **Singam 2**, **Thalaivaa**, **Ainthu Ainthu Ainthu** and **Aadhalal Kadhal Seiveer.**

15. The works have all been submitted to the U.S. Copyright Office for registration, the application fees have been paid for each and the deposit materials have been uploaded. Such actions satisfy the registration requirement here in the Fifth Circuit.[6] Additionally, because each film was published in or after July of this year, and registered in September, the works will all be deemed registered within the first three months of publication, thereby entitling Plaintiff to statutory damages and attorney's fees pursuant to 17 U.S.C. § 412.

16. Defendants are reproducing, advertising, distributing and publicly performing Plaintiff's films through the websites www.einthusan.com and einthusan.tv without Plaintiff's authorization or consent.

17. The foregoing acts of infringement have been willful, intentional, and in disregard of and with indifference to the rights of Plaintiff.

18. As a result of Defendants' infringement of Plaintiff's exclusive rights under copyright, Plaintiff is entitled to relief from Defendants pursuant to 17 U.S.C. § 504 and to its reasonable attorney's fees and full costs pursuant to 17 U.S.C. § 505.

19. Defendants' conduct is causing and, unless enjoined and restrained by this Court, will continue to cause Plaintiff great and irreparable injury. Pursuant to 17 U.S.C. §§ 502 and 503, Plaintiff is entitled to injunctive relief prohibiting Defendant from further infringing Plaintiff's copyright and ordering the Defendant to remove and destroy existing infringing materials.

---

[6] *Positive Black Talk, Inc. v. Cash Money Records, Inc.*, 394 F.3d 357 (5th Cir. La. 2004)

WHEREFORE, Plaintiff demands a jury trial and prays for judgment against Defendants as follows:

    a.    For entry of permanent injunctions providing that Defendants shall be enjoined from directly or indirectly infringing Plaintiff's rights in the copyrighted motion pictures, **Singam 2**, **Thalaivaa**, **Ainthu Ainthu Ainthu** and **Aadhalal Kadhal Seiveer** and any motion picture, whether now in existence or later created, that is owned, licensed to, or controlled by Plaintiff ("Plaintiff's Motion Pictures"), including without limitation by using the Internet to reproduce or copy Plaintiff's Motion Pictures, to distribute Plaintiff's Motion Pictures, or to make Plaintiff's Motion Pictures available for distribution to the public, except pursuant to a lawful license from Plaintiff.

    b.    For entry of an order requiring Defendants to destroy all copies of Plaintiff's Motion Pictures that Defendants have downloaded onto any computer hard drive or server without Plaintiff's authorization and requiring them to destroy all copies of those motion pictures transferred onto any physical medium or device in Defendants' possession, custody or control.

    c.    For entry of an order requiring Defendants to transfer ownership and control of the domains einthusan.com and einthusan.tv and any related social media page to Plaintiff.

    d.    For entry of an order requiring Defendants to send the Court copies of any license agreements, redacted if desired, pertaining to any movies that Defendants distribute online for the next five years.

e. For actual damages or statutory damages pursuant to 17 U.S.C. § 504, at the election of the Plaintiff.

f. For Plaintiff's costs.

g. For Plaintiff's reasonable attorney's fees.

h. For such other and further relief as the Court deems proper.

Respectfully Submitted,

s/ *E. F. Stone*

Evan Stone
Stone & Vaughan, PLLC
State Bar No. 24072371
624 W. University Dr., #386
Denton, Texas  76201
Phone: 469-248-5238
E-mail: evan@stonevaughanlaw.com